IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WEN WIRELESS, INC. d/b/a CELL §
SPOT, KICK BACK WIRELESS, §
　　　　　　　　　　　　　　　　§
　　　　　Plaintiff, §
　　　　　　　　　　　　　　　　§
v. § CIVIL ACTION NO. H-18-4493
　　　　　　　　　　　　　　　　§
AMGUARD INSURANCE COMPANY, §
　　　　　　　　　　　　　　　　§
　　　　　Defendant. §

## MEMORANDUM OPINION AND ORDER

Plaintiff Wen Wireless, Inc. d/b/a Cell Spot, Kick Back Wireless ("Plaintiff") sued Defendant Amguard Insurance Company ("Defendant") in the County Civil Court at Law No. 4 of Harris County, Texas, under Cause No. 1116348.[1] Defendant timely removed based on diversity jurisdiction.[2] Pending before the court is Plaintiff's Motion for Remand (Docket Entry No. 12). For the reasons stated below, Plaintiff's Motion for Remand will be granted, and this action will be remanded to the County Civil Court at Law.

### I. Analysis

Under 28 U.S.C. § 1441(a) any state court civil action over which a federal court would have original jurisdiction may be

---

[1] See Defendant Amguard Insurance Company's Notice of Removal ("Notice of Removal"), Docket Entry No. 1, p. 1; Plaintiff's Original Petition, Exhibit A to Plaintiff's Motion for Remand and Memorandum in Support ("Plaintiff's Motion for Remand"), Docket Entry No. 12-1, p. 1.

[2] See Notice of Removal, Docket Entry No. 1, p. 2 ¶ 9.

removed from state to federal court. "The party seeking to assert federal jurisdiction, in this case [Defendant], has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." New Orleans & Gulf Coast Railway Co. v. Barrois, 533 F.3d 321, 327 (5th Cir. 2008). Ambiguities or doubts are to be construed against removal and in favor of remand. Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002).

Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A state-court plaintiff seeking to avoid federal jurisdiction may do so by filing a binding stipulation with the original complaint that limits recovery to an amount below the jurisdictional threshold. See, e.g., Mokhtari v. Geovera Specialty Insurance Co., Civil Action No. H-14-3676, 2015 WL 2089772, at *1 (S.D. Tex. May 4, 2015); Williams v. Companion Property & Casualty Insurance Co., No. H-13-733, 2013 WL 2338227, at *2 (S.D. Tex. May 27, 2013) (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1411-12 (5th Cir. 1995)); Espinola-E v. Coahoma Chemical Co., 248 F.3d 1138, 2001 WL 85834, at *2 (5th Cir. Jan. 19, 2001) (per curiam) (unpublished) ("[A] binding stipulation that a plaintiff will not accept damages in excess of the jurisdictional amount defeats diversity jurisdiction. . . .").

Defendant argues that removal was proper under 28 U.S.C. § 1332(a) because the parties are completely diverse and the true

amount in controversy exceeds $75,000.³ Plaintiff seeks remand based on a stipulation attached as Exhibit E to the state-court petition (the "Exhibit E Stipulation"), which states that "[t]he total sum or value in controversy in this cause of action does not exceed $75,000.00 exclusive of interest and costs" and that "[n]either Plaintiff nor his/her attorney will accept an amount that exceeds $75,000.00 exclusive of interest and costs."⁴

Defendant argues that remand is improper because Plaintiff refused to sign an additional stipulation stating that the Exhibit E Stipulation is "irrevocable."⁵ Defendant also argues that the statement in Plaintiff's state-court petition that "Plaintiff seeks damages less than $75,000.00 and will not accept any more than $75,000.00 *at this time*,"⁶ is inconsistent with the allegedly binding nature of the Exhibit E Stipulation.

Plaintiff filed the Exhibit E Stipulation with its Original Petition to avoid federal jurisdiction by limiting recovery to an amount below the jurisdictional threshold. District courts in this Circuit, including this court, have consistently held that stipulations like the Exhibit E Stipulation are capable of

---

³See Notice of Removal, Docket Entry No. 1, p. 2.

⁴See Exhibit E Stipulation, Exhibit A to Plaintiff's Motion for Remand, Docket Entry No. 12-1, p. 26 ¶¶ 1 and 3.

⁵See Defendant Amguard Insurance Company's Response to Plaintiff's Motion to Remand ("Defendant's Response"), Docket Entry No. 14, p. 2 ¶ 2.

⁶See Plaintiff's Original Complaint, Exhibit A to Plaintiff's Motion for Remand, Docket Entry No. 12-1, p. 2 ¶ 6 (emphasis added).

defeating federal jurisdiction. Plaintiff is bound by the Exhibit E Stipulation not to accept an award of damages in excess of $75,000. Defendant points to no binding authority requiring such stipulations to explicitly state that they are "irrevocable." Nor does Defendant point to any authority holding that documents like the Exhibit E Stipulation are not "binding" under Fifth Circuit precedent. The "at this time" language in Plaintiff's state-court petition is irrelevant because the Exhibit E Stipulation prevents Plaintiff from seeking damages in excess of the federal jurisdictional limit.

## II. Conclusions and Order

Plaintiff's binding stipulation, filed with Plaintiff's Original Petition prior to removal, is effective to avoid federal jurisdiction. Accordingly, Plaintiff's Motion for Remand (Docket Entry No. 12) is **GRANTED**, and this action is **REMANDED** to the County Civil Court at Law No. 4 of Harris County, Texas. The Clerk will promptly deliver a copy of this Memorandum Opinion and Order to the County Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 25th day of February, 2019.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE